LAWRENCE, J.
Without going into an extended statement of the facts, it seems sufficient to say that this suit arises out of dissatisfaction of certain property owners, farmers, along the line of a certain ditch in Ridgeville township. It seems that in 1&13 one Shaw petitioned to the county commissioners of Lorain county for the improvements of this certain ditch. The proceedings had before the county commissioners all appear to be regular, and no complaint is made that these proceedings were irregular or erroneous in any particular. The cost of this improvement was to be assessed upon the property owners supposed to be benefited by the proposed improvement of this ditch. No complaint was made by any of the property owners, now plaintiffs in this case, as to the method of such improvement, although duly notified according to law; no complaint was made that it would not *512 be conducive to the public health, convenience or welfare, or that the route thereof was impracticable. The hearing was had before the county commissioners as provided for by law, and the order finally and legally made by the county commissioners ordering the improvement. The contracts were let in the manner provided by law and the work was completed in this ditch.
After the completion of this work dissatisfaction arose apparently universal among the property owners, and this dissatisfaction expressed itself in the form of a petition to the court of common pleas asking for an injunction against the collection of the assessments upon the ground that no benefits were in fact obtained by the improvement of this ditch, but, on the contrary, damage was sustained by the property owners, in that the ditch did not drain the lands of these property owners as well after the completion of this improvement as the ditch drained them before in its then state.
There are other allegations in the petition to the effect that some of the petitioners are over-assessed in that only a portion of their lands were drained by this ditch while the assessments are based upon the benefits of the whole of the land, but no evidence of a substantial nature is offered in the case bearing out this claim. We therefore treat the case as if the relief was asked solely for the reason that no benefits were obtained by this improvement by these plaintiffs.
The evidence clearly discloses that the improvement which was thus made consisting of the placing of tile in this ditch and thus making the same a blind ditch with tile of a certain size, was well known at the time of its construction by all or practically all of these plaintiffs, and no objection was made by any of them during the progress of this work as to the propriety of the same.
We have investigated the eases in Ohio which have some bearing upon the facts presented in this case, and we are unable to find a single case where under such circumstances the relief prayed for in the instant case has been granted.
The nearest approach to the granting of such relief in a similar case that we have been able to find is in the case of Stemen v. Hizey, 32 O. C. C. 640 (11 N. S. 347). In that case suit was brought to enjoin the collection of assessments levied by *513 township trustees for a similar improvement, upon the ground that the plaintiff received no benefit from the tiling of the ditch, but the court says that:
“The contention of the defendant is this: that a court of equity can not attack by injunction the judgment.of a judicial board; that if the plaintiff has any remedy at all, it is by appeal or error. With that contention of the defendant, we are in accord, if there is a provision for error or appeal.
“The question presented then is this: Could this plaintiff appeal or could he prosecute error from the judgment of the trustees of Violet township in assessing him for the construction of this ditch, when he received no benefit from it?”
The court in that case then proceeded to show that under the statutes then in existence, relating to the improvement of ditches by township trustees, that there was no appeal provided for by the said statutes from an unjust assessment by the township trustees made against him; but the appeal which was provided for was the appeal provided for by Sec. 4533 Rev. Stat. (now Sec. 6625 Gr. C.), and in view of the fact that no appeal existed to the plaintiff in that case from the action of the township trustees, and in view of the fact that the petition in that case set forth an unjust assessment of his property for a case in which he derived no benefits, the court held that such a petition did state a cause of action, but in the case at bar it will be noted that the relief here sought is not that the property of any one of these plaintiffs is not benefited in the same proportion that other property assessed for the construction of this ditch is benefited, but is brought because of the fact that upon actual test of this ditch after its construction none of the property of any of these plaintiffs is benefited by the construction of said improvement, and the claim is made that it is unlawful taking of property without due compensation to assess or tax these plaintiffs for a benefit which they do not derive. In other words, that because they originally believed and thought that the improvement of this ditch would be a benefit and thus induced the county commissioners to make the improvement and afterwards found that they were mistaken, and that it was not a benefit, that they can be relieved from an assessment which their own action and their own silence during the proceedings preliminary to the im *514 provement and during the construction of the improvement led the county to make.
It will be noted that there is a great distinction not only between the case which is here present and the case just cited as to the facts, but there also is a very marked distinction between the two statutes granting the right of appeal. In the section providing for appeal from the action of the township trustees, the provision is:
“Any person interested in the location of such ditch or in the amount of compensation and damages determined upon by the trustees, may take an appeal from the proceedings of the trustees to the probate court of the county by giving,” etc., while in See. 6469, G. C., the section granting an appeal from the final order or judgment of the county commissioners made in such proceeding, the language is:
“A person or corporation, aggrieved thereby, may appeal from a final order or judgment of the county commissioners made in the proceeding and entered upon their journal, determining any of the following matters, viz:
“1. Whether the ditch will be conducive to the public health, convenience, or welfare.
“2. Whether the route thereof is practicable.
“3. The compensation for land appropriated.
“4. The damage claimed to property affected by the improvement. ’ ’
We regard the contention made by the plaintiffs in this case, in view of the fact that it is now claimed that the ditch was not a benefit to any of that public who were particularly interested in this ditch, namely, the property owners and fanners along the line of the same, that their complaint is a general complaint to the effect that said ditch was not conducive to the public health, convenience, or welfare. While there may be no evidence in the case upon the question of health, yet the whole burden of this petition is to the effect that it was not conducive to public convenience or welfare, but on the contrary was a detriment to public convenience or welfare. It will thus be apparent that that was a question at least preliminarily for the county commissioners to determine, and it was a question which, when determined by the county commissioners, if it gave grievance to any one interested, could have been appealed to the probate court as pro *515 vided in this section just quoted. The distinction then between the case at bar and the case so strongly relied upon as authority for the relief sought in this petition is very apparent, and the able decision of Judge Crane in Stemen v. Hizey, supra, can not be regarded by us as authority for granting the relief in the case at bar.
It seems to us that in view of the memorandum decision of the Supreme Court in Moody v. George, O. S. C. D. 578 (37 Bull. 189), and which apparently was based upon previous decisions of the Supreme Court, particularly Haff v. Fuller, 45 Ohio St. 495 [15 N. E. 479], and the Chesbrough v. Commissioners, 37 Ohio St. 508, and in view of the decision of the same court in Putnam County (Comrs.) v. Krauss, 53 Ohio St. 628 [42 N. E. 831], and in view of the further fact that the Supreme Court in Blue v. Wentz, 54 Ohio St. 247 [43 N. E. 493], allowed the relief prayed for apparently solely upon the ground of fraud and collusion between the surveyor and the county commissioners, a thing which is not claimed or even hinted at in the case at bar, and of many decisions of courts inferior to the Supreme Court, we can come to but one conclusion as to the law of this case, and that is that in the absence of fraud or collusion a court of equity will not interfere and determine the question of benefits when the property owners interested have sat by and allowed the county commissioners to act in the manner in which they have acted in this ease.
A strong appeal is made to the court that under Sec. 6500 G. C. the court has full power to act in this case, even though there is no fraud or collusion, when a gross injustice in the apportionment is made to appear to the court, and the claim is made that gross injustice does appear in this case because of the fact which, it is claimed is proven that no benefts have accrued to the property owners, but only damage has resulted. Upon this question óf whether or not benefits have accrued the state of the testimony is entirely unsatisfactory. Much testimony has been introduced on both sides of the case; much of it to the effect that damage has resulted instead of benefit; much of it to the effect that damage only occurred at a time when there was an extraordinary rainfall or much snow and ice. Even if we were inclined to exercise the power Sec. 6500 apparently gives to the *516 court we would not feel justified in exercising it arbitrarily, but only upon the clearest and most conclusive showing of damages, and we doubt if under these circumstances which the evidence in this case discloses a ease could be made under See. 6500 which would appeal to a court of equity, in view of the fact that these property owners by their silence during the preliminary proceedings and the progress of this work apparently acquiesced in the work that was done; and we think that the remark of the court as contained in Putnam Co. (Comrs.) v. Krauss, supra, at page 634 is appropriate, the same being as follows:
“But our attention is called to Sec. 4491 R. S. [Sec. 6500 G. C.], giving the court in which such proceeding is brought, power to enjoin an assessment. But the power conferred is not an arbitrary one. There must be a reason for the injunction — a ease made. This petition, as we have shown, makes none. ’ ’
"We are inclined to the belief that the laws of Ohio relating to ditches and the construction of the same can not be used for experimental purposes; that they were not intended to allow or encourage communities who wanted to make an improvement in their drainage to place this burden upon the county, upon the assumption that it would be paid for if it proved successful and not paid for unless it proved successful; to make the county and the commissioners, who are in reality and according to the theory of the law simply the agents for this purpose, guarantors to their principals of the success of an undertaking of this kind. Such a ruling is unfair to the county at large and would encourage haphazard and ill-considered plans for public improvements. Holding these views, we feel that the relief sought for in this petition should be denied, and the injunction is dissolved and the petition dismissed at the costs of the plaintiffs.
Grant and Dunlap, JJ., concur.